UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL I. BOLDEN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-CV-126 RLW |
| RICHARD JENNINGS, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two pro se motions filed by Petitioner Darrell I. Bolden requesting release from custody due to COVID-19. Petitioner also moves for a hearing on his two motions. For the reasons that follow, Petitioner's motions are denied.

On January 28, 2019, Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is serving concurrent life sentences with the Missouri Department of Corrections (MDOC), is challenging his state court convictions for first-degree robbery and armed criminal action. On April 27, 2020, Bolden filed a motion for release from custody due to the COVID-19 pandemic. (ECF No. 19). Petitioner then filed a second motion for release from custody and a motion for a hearing on the issue. (ECF Nos. 20 and 28). Petitioner asserts that he cannot practice social distancing while incarcerated, and MDOC provides inadequate medical care. He also states that he has "Thyroids" and therefore, he is at higher risk of serious illness or death if he contracts the virus. (ECF No. 20 at 2).

Petitioner's motions to be released due to the COVID 19 pandemic are unrelated to his petition for writ of habeas corpus. Petitioner's request for release due to the pandemic are essentially motions challenging the conditions of his confinement. A § 2254 petition for writ of

habeas corpus is not the proper action for challenging the condition of confinement. Such claims are more appropriately brought in an action pursuant to 42 U.S.C. § 1983. See Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014) (a conditions of confinement claim cannot be brought in a habeas case); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, . . . then a writ of habeas corpus is not the proper remedy.").

To the extent Petitioner seeks release pending the Court's decision on his habeas petition, Petitioner has not made the requisite showing to warrant release. While it is within a district court's inherent power to release a prisoner on bond, a petitioner is hardly ever granted release pending disposition of a habeas petition. Martin v. Solem, 801 F.2d 324, 329–30 (8th Cir. 1986). To obtain release on bail pending disposition of his habeas petition, Petitioner must show he has "a substantial federal constitutional claim that 'presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" Id. (quoting Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). Petitioner must also establish "the existence of "some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice.'" Id. (quoting Aronson v. May, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964)).

After reviewing Petitioner's motion and supporting documents, the Court finds Petitioner has not made the required showing to warrant release. First, Petitioner has not set forth a "substantial federal constitutional claim" that is clear on the law and "readily evident" on the facts. Id. Secondly, Petitioner has not shown there are extraordinary circumstances present in this case. Certainly, the Court recognizes there is a global pandemic. But as the government has pointed out, MDOC has instituted numerous procedures designed to control the spread of the disease, and those

efforts appear to be making some progress toward that goal. Based on the record before the Court, there is no evidence Petitioner is suffering from a severe medical condition that presents an extraordinary reason to warrant immediate release from custody. Petitioner asserts he is suffering from "Thyroids," which places him at greater risk. The Center for Disease Control does not list this condition as an underlying medical condition that increases the risk for severe illness from COVID 19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 28, 2021). There is no doubt that being in prison is dangerous for all prisoners during this pandemic. However, the fact of the pandemic does not constitute extraordinary circumstances that can allow all prisoners to be released, and there is no evidence before the Court that Petitioner is at increased risk.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's pro se Motions for Release and Motion for a Hearing are **DENIED**. [ECF Nos. 19, 20 and 28]

*[signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of February, 2021.