UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL I. BOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-126 RLW |
| | ) | |
| DAVID VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This closed state prisoner habeas case under 28 U.S.C. § 2254 is before the Court on Respondent David Vandergriff's Motion for Relief Under Rule 59(e), Federal Rules of Civil Procedure (ECF No. 33). Petitioner Darrell I. Bolden opposes the motion (ECF No. 35) and filed a Motion for Appointment of Counsel (ECF No. 34). For the following reasons, the Court will deny Respondent's Rule 59(e) motion and deny Petitioner's motion to appoint counsel without prejudice.

**Procedural Background**

On February 22, 2022, the Court entered a Memorandum and Order (ECF No. 31) that granted habeas relief to Petitioner Darrell Bolden on Ground One of his Petition, after it concluded the state trial court unconstitutionally denied Petitioner the right to a Faretta hearing following his unequivocal requests to represent himself.[1] Respondent contends the Court committed an error of law in granting relief by not properly deferring to the state court record and the Missouri Court of Appeals' decision, which Respondent asserts was not an unreasonable application of federal law.

---

[1] Faretta v. California, 422 U.S. 806, 807 (1975).

**Rule 59(e) Standard**

"Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Yeransian v. B. Riley FBR, Inc., 984 F.3d 633, 636 (8th Cir. 2021) (quoting Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018)).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted).  District courts have broad discretion in deciding whether to grant a motion under Rule 59(e).  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).

**Discussion**

Respondent's Motion reiterates the points and arguments he made in the original briefing in opposition to Ground One of the Petition.  For the reasons discussed in the Memorandum and Order, the Court concluded after careful consideration and review of the record that the Missouri Court of Appeals' decision was an unreasonable application of clearly established Sixth Amendment Federal law. 28 U.S.C. §§  2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 379 (2000).  The Court further concluded Petitioner was unconstitutionally denied a Faretta hearing after he made unequivocal requests to represent himself. The Court is not persuaded by Respondent's renewed arguments that its conclusions were manifestly erroneous, and will deny the Rule 59(e) motion.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent David Vandergriff's Motion for Relief Under Rule 59(e) is **DENIED**.  (ECF No. 33)

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 34) is **DENIED without prejudice**.  Petitioner may file a motion for appointment of counsel with the Eighth Circuit Court of Appeals after such time as the Respondent files a Notice of Appeal.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>18th</u> day of April, 2022.