UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL I. BOLDEN,        )<br>                           )<br>     Petitioner,          )<br>                           )<br>  v.                       )<br>                           )<br>BILL STANGE,[1]            )<br>                           )<br>     Respondents.         )  | No. 4:19-CV-126 RLW |

**MEMORANDUM AND ORDER OF DISMISSAL**

This closed state prisoner habeas case under 28 U.S.C. § 2254 is before the Court on petitioner Darrell I. Bolden's pro se Motion for Relief from Judgment Pursuant to Rule 60(b) (ECF No. 51). Respondent opposes the motion (ECF No. 56), and petitioner filed a Reply in support (ECF No. 58). For the following reasons, the Court finds that the motion is an unauthorized successive habeas petition, and it must be dismissed without prejudice for lack of jurisdiction.

**Procedural Background**

A St. Louis County, Missouri jury convicted Petitioner of three counts of first-degree robbery, one count of attempted first-degree robbery, and three counts of armed criminal action in February 2014. State v. Bolden, No. 13SL-CR02123-01 (21st Jud. Cir., State of Mo.). The trial court sentenced Petitioner to life imprisonment on each of the first-degree robbery counts, fifteen years' imprisonment for the attempted first-degree robbery count, and twenty-five years'

---

[1] Bill Stange is the Warden of the Southeast Correctional Center where Petitioner is currently incarcerated. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Bill Stange's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

imprisonment for each armed criminal action count. Petitioner appealed his conviction to the Missouri Court of Appeals, which affirmed. State v. Bolden, No. ED 101297, 489 S.W.3d 821 (Mo. Ct. App. 2014) (per curiam) (unpublished mem.).

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which the motion court denied after an evidentiary hearing. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of post-conviction relief on March 20, 2018. Bolden v. State, No. ED105327, 541 S.W.3d 715 (Mo. Ct. App. 2018) (per curiam).

Petitioner filed this case seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and raised eight grounds for relief. This Court granted the Petition for a writ of habeas corpus on the claim that petitioner was unconstitutionally denied the right to a Faretta hearing following his unequivocal requests to represent himself, and denied it in all other respects. See Mem. and Order of Feb. 22, 2022 (ECF No. 31). The Eighth Circuit Court of Appeals reversed the grant of habeas relief in a 2-1 decision and remanded for entry of judgment in favor of the state. Bolden v. Vandergriff, 69 F.4th 479 (8th Cir. 2023).

Petitioner filed the instant motion on March 13, 2024, and later filed two motions to submit exhibits in support of petitioner's actual innocence (ECF Nos. 52, 57). Petitioner asserts there is new evidence to show that the DNA evidence presented at his trial "was flawed and defective and that petitioner was clearly not the perpetrator of this crime." (ECF No. 51 at 3.) Petitioner asserts he has new evidence to show that his DNA was not found on a ski mask, as was falsely testified to at trial by a lab technician, Margaret Walsh. (Id. at 3, 7.) Petitioner claims Walsh was fired in 2017 "because she had problems with DNA analysis by more then [sic] two years. and because of the pattern of improper analysis in the police department's crime lab by a

forensic scientist." (Id. at 3.) Petitioner claims he is actually innocent of the crime. (Id.; ECF No. 58.)

**Rule 60(b) Legal Standards**

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Petitioner's motion specifically references Rule 60(b)(3), which permits relief when the movant shows "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Petitioner's motion also claims the existence of new evidence. Rule 60(b)(2) permits relief when the movant shows "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Fed. R. Civ. P. 81(a)(4), Ward v. Norris, 577 F.3d 925, 932 (8th Cir. 2009). However, if a Rule 60(b) motion amounts to an attack on the prisoner's state court judgment, whether by making new arguments or claims, or by seeking to recharacterize and reassert prior arguments or claims, it "is in substance a successive habeas petition" and "should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005). If a Rule 60(b) motion contains a "claim," which is defined as, among other things, an "asserted federal basis for relief from a state court's judgment of conviction," it must be treated as a second or successive habeas petition under the AEDPA. Ward, 577 F.3d at 933 (citing Gonzalez, 545 U.S. at 530).

When a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file it and conduct a brief initial inquiry to determine whether the motion's

3

allegations amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." Boyd, 304 F.3d at 814. It is well established that prisoners may not bypass the pre-authorization requirement by purporting to invoke some other procedure. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

**Discussion**

In the instant motion, Petitioner does not allege any defect in the integrity of his federal habeas proceedings. Instead, he asserts he is entitled to federal habeas relief from his 2014 state court judgment based on new arguments, claims, and evidence that he has not raised in this case before. As a result, the Court concludes the instant motion under Rule 60(b) asserts "claims" as defined in Ward, and is actually a successive habeas application.

Before this Court can consider a successive petition, Petitioner must obtain permission from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so. Petitioner may not bypass the statute's preauthorization requirement by purporting to seek relief under Rule 60(b). See Lambros, 404 F.3d at 1036. Because Petitioner did not obtain permission from the Eighth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to grant movant the relief he seeks.

The Court will dismiss the Rule 60(b) motion without prejudice as an unauthorized successive habeas petition.

4

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) (ECF No. 51) is **DENIED** and **DISMISSED without prejudice** for lack of jurisdiction, as an unauthorized successive habeas application.

**IT IS FURTHER ORDERED** that Petitioner's motions to submit evidence of actual innocence (ECF Nos. 52, 57) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Bill Stange's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P., and the Clerk of Court is directed to modify the docket sheet and short title of the case accordingly.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of April, 2024.